Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. PRONTI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEWIS MCDONNELL & ASSOCIATES,<br><br>　　　　　Defendant. | Case No.  2:22-cv-00248 |

**NOW COMES** MICHELLE L. PRONTI ("Plaintiff"), by and through her undersigned attorneys, complaining of the Defendant, LEWIS MCDONNELL & ASSOCIATES, ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled and conducts business in the Central District of California, and a substantial portion of events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in Elmira, New York.

5. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

6. Defendant is a third-party debt collector that uses the mail and telephone for the principal purpose of collecting defaulted debts from consumers on a nationwide basis, including consumers in the state of New York. Defendant maintains its principal place of business at 2321 E. 4th St. Ste C405, Santa Ana, CA 92705.

7. Defendant is a personal and corporate financial planning firm that offer debt collection agency with the primary purpose of collecting or attempting to collect defaulted consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the state of New York.

## FACTS SUPPORTING CAUSE OF ACTION

8. In or around January 2022, Plaintiff was made aware that the Defendant was reporting a debt for $724.00 on her TransUnion and Experian credit reports. ("subject

debt").

9. Plaintiff is in the process of purchasing a home and is carefully monitoring her credit report.

10. Plaintiff was perplexed as to why Defendant was reporting this alleged debt because she did not owe this debt.

11. Shortly thereafter, Plaintiff contacted the Defendant to inquire as to why it was reporting a collection on her credit report.

12. Plaintiff asked Defendant what type of company they were and Defendant notified her that they were a company who handled collections.

13. Plaintiff then asked Defendant for the collection number as they tried to verify her identify which then the Defendant transferred her to the collections department.

14. Prior to the Defendant transferring her to the collections department Plaintiff asked for Defendant's agents name and Defendant replied with *"I don't have to give you that information."*

15. Once transferred to the collections department, Plaintiff notified Defendant that she is disputing this account and Defendant's representative notified Plaintiff that she could not dispute over the phone.

16. Frustrated with the situation Plaintiff then notified the Defendant that through the FDCPA she was allowed to dispute over the phone and that they must mark her account as disputed.

17. Defendant then replied that they will not mark her account and that she will

need to go through the credit bureaus.

18. Soon thereafter, Plaintiff was notified that the Defendant had also placed numerous calls to several family members specifically her mother, father and sister.

19. Plaintiff's sister was notified by Defendant that they were looking for Plaintiff in regards to a legal matter and that she was listed as an emergency contact.

20. Defendant acted intentionally when it contacted Plaintiff's family members and disclosed that were collecting on a debt that Plaintiff owes in a blatant attempt to harass, abuse and dragoon Plaintiff into making an immediate payment on the subject debt.

21. Defendant's harassing conduct has severely disputed Plaintiff's general well-being as Plaintiff now feels embarrassed and humiliated.

22. At no time did Plaintiff wish for her family to know about her financial situation as she was unaware of this debt. The unauthorized disclosures made to Plaintiff's family members have severely disturbed Plaintiff's relationship with them.

23. Plaintiff now fears that Defendant will continue to contact other relatives of Plaintiff, further causing more undue embarrassment and invasion of her privacy.

24. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further harassment to her and her family.

## DAMAGES

25. Defendant's harassing and unfair collection conduct has severely disrupted

Plaintiff's daily life and general well-being.

26. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

27. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

32. Moreover, Defendant is a "debt collector" because it acquired rights to the

5

subject debt after it was in default. 15 U.S.C. §1692a(6).

33. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

34. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

35. Defendant violated 15 U.S.C. §§1692b(2), e, e(10), f and f(1) through its unlawful debt collection practices.

**a.    Violations of FDCPA §1692b**

36. Defendant violated §1692b(2) when it contacted Plaintiff's mother, father and sister by calling and revealing Plaintiff's status as a debtor and other highly personal and confidential pieces of information.

**b.    Violations of FDCPA §1692e**

37. Defendant violated §1692e, and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant knowingly contacted the wrong party [Plaintiff's mother, father and sister] seeking to collect upon a debt owed by Plaintiff. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact Plaintiff's family when it never had prior consent to do so in the first place.

**c.    Violations of FDCPA §1692f**

38. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by contacting Plaintiff's mother, father and sister when

it did not have authority to do so. Defendant repeatedly attempted to coerce Plaintiff into making a payment by embarrassing her through calls placed to her family. These means employed by Defendant only served to humiliate and harass Plaintiff.

39. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its calling campaign to the Plaintiff's mother, father and sister and knew that its conduct was inconvenient and harassing to Plaintiff.

40. As an experienced debt collector, Defendant knew or should have known that ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

41. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

42. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MICHELLE L. PRONTI respectfully requests that this Honorable Court:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Enjoin Defendant from further contacting Plaintiff or any other relatives;

c.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

e.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

DATED: January 12, 2022                     Respectfully submitted,

                                            By: */s/ Nicholas M. Wajda*

                                            Nicholas M. Wajda
                                            **WAJDA LAW GROUP, APC**
                                            6167 Bristol Parkway
                                            Suite 200
                                            Culver City, California 90230
                                            +1 310-997-0471
                                            nick@wajdalawgroup.com

8